**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:10CV-00126-JHM**

**G.W. PALMER & CO, INC.**                                                                **PLAINTIFF**

**VS.**

**BRANSCUM PRODUCE, LLC, and**
**JOSEPH BRANSCUM**                                                                **DEFENDANTS**

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court on the motion by Plaintiff, G.W. Palmer & Co., Inc., for a temporary restraining order under Fed. R. Civ. P. 65(b) [DN 2].  On August 5, 2010, G.W. Palmer filed suit against Defendants to enforce the statutory trust provision of the Perishable Agricultural Commodities Act, 7 U.S.C. §499 ("PACA").  Plaintiff seeks an order enjoining Defendants from alienating, dissipating, paying over, or assigning any assets of Branscum Produce, LLC, or its subsidiaries or related companies, until further order of this Court or until payment is made to the Plaintiff.

After considering the evidence submitted by the Plaintiff, the Court finds that G.W. Palmer is entitled to a temporary restraining order.  First, Plaintiff submitted evidence that both it and the Defendant are subject to the provisions of PACA.  Plaintiff supplied invoices and declaration testimony that it shipped $103,095.10 worth of perishable goods to Branscum Produce and that Branscum Produce has not paid for the goods.  Second, "[u]nder PACA, federal courts have held that dissipation of the assets of a PACA trust constitutes irreparable harm sufficient to justify injunctive relief."  See Shipper Service Co., Inc. v. Fresh Louie's Produce Co., LLC, 2010 WL 726242, *2 (E.D. Mich. Feb. 24, 2010); Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 140-41 (3d. Cir. 2000).  The evidence reflects that Mr. Branscum informed Plaintiff that

Branscum Produce is experiencing a cash flow problem and does not have the money to pay the funds it owes Plaintiff. (Decl. Greg Grefrath ¶ 12.)  Absent issuing the temporary restraining order without notice, it is likely that the trust assets will be dissipated before the matter can be heard by the Court.  Finally, although the Defendants may be harmed in that they will be unable to utilize Branscum Produce's assets, "given that Congress has expressly noted that a PACA trust serves the public's interest, these two factors weigh in favor of [granting the temporary restraining order.]" Shipper Service Co., 2010 WL 726242, *3. Accordingly, the Court finds that G.W. Palmer is entitled to a temporary restraining order preventing Defendants from dissipating assets placed in the statutory trust pursuant to PACA.

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff G.W. Palmer & Co., Inc.'s Motion for Temporary Restraining Order [DN 2] is **GRANTED** in part.  No security is required to be posted.

**IT IS FURTHER ORDERED** that Defendants, Branscum Produce, LLC, and Joseph Branscum, their agents, officers, subsidiaries, assigns, banking and financial institutions are temporarily restrained and enjoined from alienating, dissipating, paying over, or assigning any assets of Branscum Produce, LLC, or its subsidiaries or related companies, except for payment to Plaintiff, G.W. Palmer & Co., Inc., the sum of $103,095.10 by cashier's check or certified check.  The temporary restraining order will dissolve upon payment of $103,095.10 to G.W. Palmer & Co.

**IT IS FURTHER ORDERED** that Plaintiff serve Defendants, pursuant to the Rules of Civil Procedure, a copy of the Complaint, the Motion for Temporary Restraining Order, the Motion for Preliminary Injunction, and this Order, by Monday, August 9, 2010.

**IT IS FURTHER ORDERED** that a **hearing** on Plaintiff's Motion for Preliminary

2

Injunction is set for **Thursday, August 12, 2010, at 10:30 a.m. CDT**, U.S. Courthouse, Bowling Green, Kentucky.  Proof will be taken at that time if required by the parties.


Time of Issuance: <u>8:00 a.m.</u>

cc: counsel of record

3